UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                                  16-CR-108 (ALC)

          - against -
                                    ORDER


CARLOS VALLEJO,

                    Defendant.
----------------------------------------------------------X


**ANDREW L. CARTER, JR., United States District Judge:**


    On September 22, 2016, Vallejo pleaded guilty to conspiring to commit Hobbs Act

Robbery and possessing a firearm during a crime of violence.[1]  Conspiracy to commit Hobbs Act

Robbery was designated as the crime of violence, serving as the predicate for the firearm count

under 18 U.S.C. 924(c).  In 2019, the Second Circuit in *Barrett* held that conspiracy to commit

Hobbs Act Robbery cannot serve as a predicate offense under 924(c).  *United States v. Barrett*,

937 F.3d 126 (2d Cir. 2019).


    On December 6, 2020, Vallejo sought compassionate release and a sentence reduction

from the Bureau of Prisons.  On August 16, 2021, he filed a motion with the Court seeking

compassionate release and a sentence reduction based on his rehabilitative efforts in prison as

well as his medical conditions, especially in light of the COVID-19 pandemic.  The government

submitted its opposition on January 7, 2022.  The defendant replied on January 10.

---

[1] The transcript from the guilty plea is attached as Exhibit A.

The parties shall file submissions indicating how, if at all, *Barrett* affects the sentence in this case, including the motion for compassionate release/sentence reduction.  The defendant should file a letter by January 21; the government should respond by letter no later than January 25.  Neither submission shall exceed 5 pages.

**SO ORDERED.**

**Dated: January 19, 2022**
**New York, New York**

          **/s/ Andrew L. Carter, Jr.**
**ANDREW L. CARTER, JR.**
**United States District Judge**

# Exhibit A

G9mWvalP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                        16 Cr. 108 (WHP)


CARLOS VALLEJO,

                                  Plea

          Defendant.

------------------------------x

                                 New York, N.Y.
                                 September 22, 2016
                                 2:00 p.m.


Before:

                   HON. WILLIAM H. PAULEY III,

                                 District Judge


                       APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
HAGAN C. SCOTTEN
     Assistant United States Attorney

MEGAN WOLFE BENETT
     Attorney for Defendant

G9mWvalP

1              (Case called)

2              MR. SCOTTEN:  Hagan Scotten, for the government.  Good

3      afternoon, your Honor.

4              THE COURT:  Good afternoon, Mr. Scotten.

5              MS. BENETT:  Good afternoon, Judge Pauley.  Megan

6      Benett, on behalf of Mr. Carlos Vallejo, who is seated to my

7      right.

8              THE COURT:  Good afternoon to you, Ms. Benett.  I note

9      the presence of Mr. Vallejo at counsel table.

10             Ms. Benett, I'm informed that the defendant has an

11     application.  What is that application?

12             MS. BENETT:  Yes, your Honor.  At this time, Mr.

13     Vallejo would like to withdraw his previously entered plea of

14     not guilty and enter a plea of guilty pursuant to a plea

15     agreement with the government.

16             THE COURT:  All right.  The record should reflect that

17     a plea agreement is being handed up to me for my inspection.

18             Ms. Benett, prior to the commencement of this

19     proceeding this afternoon, did you review with your client an

20     advice-of-rights form?

21             MS. BENETT:  I did, your Honor.  We went over it

22     together.

23             THE COURT:  Did he sign it in your presence?

24             MS. BENETT:  He did.

25             THE COURT:  Did you sign it as his counsel?

G9mWvalP

1          MS. BENETT:  I did.

2          THE COURT:  The record should reflect that an

3    advice-of-rights form has been marked as Court Exhibit 1 and

4    handed to me for inspection.  At this time, I'm going to direct

5    my deputy to administer the oath to Mr. Vallejo.

6          (Defendant sworn)

7          THE COURT:  Mr. Vallejo, do you understand, sir, that

8    you're now under oath and if you answer any of my questions

9    falsely, your false or untrue answers may later be used against

10   you in another prosecution for perjury or making a false

11   statement?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  What is your full name?

14         THE DEFENDANT:  Carlos Jose Vallejo.

15         THE COURT:  How old are you?

16         THE DEFENDANT:  29.

17         THE COURT:  How far did you go in school?

18         THE DEFENDANT:  I went to college.

19         THE COURT:  How far in college?

20         THE DEFENDANT:  About two years.

21         THE COURT:  All right.  Are you able to read, write,

22   speak, and understand English?

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  Are you now or have you recently been

25   under the care of a doctor or psychiatrist?

G9mWvalP

1              THE DEFENDANT:  No, sir.

2              THE COURT:  Have you ever been treated or hospitalized

3    for any mental illness or any type of addiction, including drug

4    or alcohol addiction?

5              THE DEFENDANT:  No, sir.

6              THE COURT:  In the past 24 hours, have you taken any

7    drug, medicine, or pill, or have you consumed any alcohol?

8              THE DEFENDANT:  No, sir.

9              THE COURT:  Is your mind clear today?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  Are you feeling all right today,

12   Mr. Vallejo?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  Are you represented by an attorney here

15   today?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  Who is your attorney?

18             THE DEFENDANT:  Megan Wolfe.

19             THE COURT:  And Ms. Benett, do you have any doubt as

20   to the competence of your client to plead at this time?

21             MS. BENETT:  I have no doubt, your Honor.

22             THE COURT:  All right.  Mr. Vallejo, your attorney,

23   Ms. Benett, has informed me that you wish to enter a plea of

24   guilty.  Do you wish to enter a plea of guilty?

25             THE DEFENDANT:  Yes, sir.

G9mWvalP

THE COURT:  Have you had a full opportunity to discuss your case with your attorney and to discuss the consequences of entering a plea of guilty?

THE DEFENDANT:  Yes, sir.

THE COURT:  Are you satisfied with your attorney, Ms. Benett, and her representation of you in this matter?

THE DEFENDANT:  Yes, sir.

THE COURT:  On the basis of Mr. Vallejo's responses to my questions and my observations of his demeanor here in my courtroom this afternoon, I find that he's fully competent to enter an informed plea at this time.

Before I accept any plea from you, Mr. Vallejo, I'm going to ask you certain questions.  My questions are intended to satisfy me that you wish to plead guilty because you are guilty and that you fully understand the consequences of your plea.  I'm going to describe to you certain rights that you have under the Constitution and laws of the United States, which rights you'll be giving up if you enter a plea of guilty. Please listen carefully.  If you do not understand something I am saying or describing, then please stop me and either I or your attorney, Ms. Benett, will explain it to you more fully. Do you understand this, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  Mr. Vallejo, under the Constitution and laws of the United States, you have a right to a speedy and

G9mWvalP

1    public trial by a jury on the charges against you which are

2    contained in the indictment.  Do you understand that?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  If there were a trial, you would be

5    presumed innocent and the government would be required to prove

6    you guilty by competent evidence beyond a reasonable doubt at a

7    trial.  You would not have to prove that you were innocent at a

8    trial.  Do you understand that?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  If there were a trial, a jury composed of

11   12 people selected from this district would have to agree

12   unanimously that you were guilty.  Do you understand that?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  If there were a trial, you would have the

15   right to be represented by an attorney, and if you could not

16   afford one, an attorney would be provided to you free of cost.

17   Do you understand that?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  If there were a trial, Mr. Vallejo, you

20   would have the right to see and hear all the witnesses against

21   you, and your attorney could cross-examine them.  You would

22   have the right to have your attorney object to the government's

23   evidence and offer evidence on your behalf if you so desired,

24   and you would have the right to have subpoenas issued or other

25   compulsory process used to compel witnesses to testify in your

G9mWvalP

1    defense.  Do you understand that?

2                THE DEFENDANT:  Yes, sir.

3                THE COURT:  If there were a trial, you would have the

4    right to testify if you wanted to, but no one could force you

5    to testify if you did not want to.  Further, no inference or

6    suggestion of guilt could be drawn if you chose not to testify

7    at a trial.  Do you understand that, sir?

8                THE DEFENDANT:  Yes, sir.

9                THE COURT:  Do you understand that by entering a plea

10   of guilty today, you're giving up each and every one of the

11   rights I've described, that you're waiving those rights, and

12   that you'll have no trial?

13               THE DEFENDANT:  Yes, sir.

14               THE COURT:  Do you understand that you can change your

15   mind right now and refuse to enter a plea of guilty?

16               THE DEFENDANT:  Yes, sir.

17               THE COURT:  You do not have to enter this plea if you

18   do not want to for any reason whatsoever.  Do you understand

19   this fully, Mr. Vallejo?

20               THE DEFENDANT:  Yes, sir.

21               THE COURT:  Now, Mr. Vallejo, have you received a copy

22   of the indictment in this case?

23               THE DEFENDANT:  Yeah.

24               THE COURT:  Have you read it?

25               THE DEFENDANT:  Yes, sir.

G9mWvalP

1          THE COURT:  And did you discuss it with your attorney,

2     Ms. Benett?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Do you waive my reading the indictment

5     word for word here in open court?

6          (Counsel conferred with defendant)

7          THE DEFENDANT:  Yes, I waive my right.

8          THE COURT:  Do you understand that Count One of the

9     indictment charges you with conspiracy to commit Hobbs Act

10    robbery, in violation of Title 18 of the United States Code,

11    Section 1951?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  And do you understand that Count Three of

14    the indictment charges you with using, possessing, carrying,

15    and brandishing a firearm during and in relation to the robbery

16    conspiracy charged in Count One, in violation of Title 18 of

17    the United States Code, Sections 924(c)(1)(A)(ii) and 2?  Do

18    you understand that?

19         THE DEFENDANT:  Yes, sir.

20         THE COURT:  And do you understand as part of your

21    agreement with the government that the government is agreeing

22    to accept a guilty plea from you of using, possessing, and

23    carrying a firearm during and in relation to the robbery

24    conspiracy charged in Count One, in violation of Title 18 of

25    the United States Code, Section 924(c)(1)(A)(i) and Section 2?

G9mWvalP

1    Do you understand that?

2                    THE DEFENDANT:  Yes, sir.

3                    THE COURT:  And if you did not plead guilty, the

4    government would be required to prove the elements of these

5    crimes by competent evidence at trial and beyond a reasonable

6    doubt in order to convict you.  Do you understand that?

7                    THE DEFENDANT:  Yes, sir.

8                    THE COURT:  Mr. Scotten, for the benefit of the Court

9    and the defendant, would you describe the essential elements of

10   the Hobbs Act robbery conspiracy and the substantive firearms

11   charge?

12                   MR. SCOTTEN:  Yes, your Honor.  The Hobbs Act robbery

13   conspiracy charged in Count One has three elements:  First, two

14   or more persons agreed to commit robbery, as that term is

15   defined in 18 U.S.C., Section 1951; second, the agreement or

16   conspiracy, if carried out, would obstruct, delay, or affect

17   commerce, as that term is defined in 18 U.S.C., Section

18   1951(b)(3); and third, that the defendant knowingly and

19   willingly joined that conspiracy.

20                   Hobbs Act robbery under Section 1951, the underlying

21   charge of the conspiracy, has three elements:  First, that the

22   defendant knowingly obtained or took the personal property of

23   another or from the presence of another; second, that the

24   defendant took this property against the victim's will by

25   actual or threatened force, violence, or fear of injury,

G9mWvalP

1    whether immediately or in the future; and third, that as a

2    result of defendant's actions interstate commerce, or items

3    moving in interstate commerce, was delayed, obstructed, or

4    affected in any way or degree.

5              The firearms charge in Count Three has three elements:

6    First, that the defendant used or carried or possessed a

7    firearm or aided and abetted others in doing the same; second,

8    that the defendant did so knowingly; third, that the firearm

9    was used or carried during and in relation to the commission of

10   a crime of violence or drug-trafficking crime for which the

11   defendant might be prosecuted in a court of the United States,

12   here, the offense charged in Count One, or possessed that

13   firearm in furtherance of that crime.

14             The government would also prove venue in the Southern

15   District of New York by a preponderance of the evidence.

16             THE COURT:  Thank you, Mr. Scotten.

17             Mr. Vallejo, have you listened closely to Assistant

18   United States Attorney Hagan Scotten as he's described the

19   essential elements of each of the offenses charged in Counts

20   One and Three of the indictment against you?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  And do you understand the government would

23   have to prove all of those elements by competent evidence,

24   beyond a reasonable doubt, in order to convict you?

25             THE DEFENDANT:  Yes, sir.

G9mWvalP

1      THE COURT:  Do you understand, sir, that the maximum

2  possible penalty for the Hobbs Act robbery conspiracy charged

3  in Count One to which you're pleading is 20 years of

4  imprisonment, followed by a maximum term of three years of

5  supervised release, together with a maximum fine of $250,000,

6  and a $100 mandatory special assessment?  Do you understand

7  that, sir?

8      THE DEFENDANT:  Yes.

9      THE COURT:  And supervised release means that you will

10  be subject to monitoring when you are released from prison, the

11  monitoring to be under terms and conditions which could lead to

12  reimprisonment without a jury trial for all or part of the term

13  of supervised release if you violate the terms and conditions

14  of supervised release.  Do you understand that?

15      THE DEFENDANT:  Yes, sir.

16      THE COURT:  And do you understand that the maximum

17  possible penalty for the crime charged in Count Three of the

18  indictment is life in prison and a maximum term of five years

19  of supervised release and a maximum fine of $250,000, and a

20  $100 mandatory special assessment?  Do you understand that?

21      THE DEFENDANT:  Yes, sir.

22      THE COURT:  And do you also understand that separate

23  and apart from that maximum possible sentence, Count Three also

24  carries a mandatory minimum term of five years of imprisonment,

25  which must run consecutively to any sentence of imprisonment

G9mWvalP

imposed with respect to Count One to which you're pleading?  Do

you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you also understand that that

consecutive sentence of a mandatory minimum of five years must

also run consecutively to the sentence that you're currently

serving for the crime to which you pled guilty at an earlier

time before Judge Carter?  Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Now, you're pleading guilty to two

different counts in the indictment.  Do you understand that

you'll be separately sentenced on each of those counts?

THE DEFENDANT:  Yes, sir.

THE COURT:  And do you understand that in this case,

the sentences will run consecutively?  Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Therefore, do you understand that your

sentence could be a maximum total of life in prison?

THE DEFENDANT:  Yes, sir.

THE COURT:  Are you a citizen of the United States?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that if I accept your

guilty plea and adjudge you guilty, that adjudication may

deprive you of valuable civil rights, such as the right to

vote, the right to hold public office, to serve on a jury, or

G9mWvalP

1    to possess any kind of firearm?

2                THE DEFENDANT:  Yes, sir.

3                THE COURT:  Have you talked with your attorney,

4    Ms. Benett, about the sentencing guidelines?

5                THE DEFENDANT:  Yes, sir.

6                THE COURT:  And do you understand this Court will not

7    be able to determine your sentence until after a probation

8    office report has been completed and the probation office and

9    you and the government have had a chance to challenge any of

10   the facts reported by the probation office?  Do you understand

11   that?

12               THE DEFENDANT:  Yes, sir.

13               THE COURT:  And when I say a probation report, I mean,

14   of course, a presentence report.  Do you understand that?

15               THE DEFENDANT:  Yes, sir.

16               THE COURT:  Do you understand as well that even after

17   it's determined what guideline range applies in your case, that

18   is just a starting point for the Court and that I am required

19   under the law to consider all of the factors in Section 3553(a)

20   in fashioning a sentence for you?

21               THE DEFENDANT:  Yes, sir.

22               THE COURT:  Do you understand that if you're sentenced

23   to prison, parole has been abolished and you will not be

24   released any earlier on parole?

25               THE DEFENDANT:  Yes, sir.

G9mWvalP

1              THE COURT:  Do you understand that if your attorney or

2      anyone else has attempted to estimate or predict what your

3      sentence would be, their estimate or prediction could be wrong?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  No one, Mr. Vallejo, not even your

6      attorney or the government, can nor should give you any

7      assurance of what your sentence will be.  Your sentence cannot

8      be determined until after the presentence report is completed

9      and I've ruled on any challenges to the report and determined

10     what sentence I believe is appropriate giving due regard to all

11     of the factors in Section 3553(a).  Do you understand that?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  Do you also fully understand that even if

14     your sentence is different from what your attorney or anyone

15     else told you it might be, or if it's different from what you

16     expect, that you will still be bound to your guilty plea and

17     you will not be allowed to withdraw your plea of guilty?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  Mr. Vallejo, I've been given this plea

20     agreement.  Did you sign it?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  Did you discuss it with your attorney

23     before you signed it?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  Did you read it before you signed it?

G9mWvalP

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Did you fully understand this agreement at

3    the time that you signed it?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  And does this letter agreement constitute

6    your complete and total understanding of the entire agreement

7    among the government, your attorney, and you?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Is everything about your plea and sentence

10   contained in this agreement?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  Has anything been left out?

13         THE DEFENDANT:  No, sir.

14         THE COURT:  Has anyone offered you any inducements or

15   threatened you or forced you to plead guilty or to enter into

16   the plea agreement?

17         THE DEFENDANT:  No, sir.

18         THE COURT:  Do you understand, sir, that under the

19   terms of this plea agreement, you're giving up or waiving your

20   right to appeal or otherwise challenge your sentence if I

21   sentence you within or below the stipulated guidelines range of

22   117 to 131 months of imprisonment?  Do you understand that?

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  And do you understand that that figure of

25   117 to 131 months is comprised of a guideline range with

G9mWvalP

respect to Count One of 57 to 71 months of imprisonment and
then a mandatory consecutive term of 60 months on Count Three?
Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you also understand that I'm completely
free to disregard any position or recommendation by your
attorney or by the government as to what your sentence should
be and that I have the ability to impose whatever sentence I
believe is appropriate under the circumstances, and you'll have
no right to withdraw your plea?

THE DEFENDANT:  Yes, sir.

THE COURT:  And do you understand that in addition to
all the penalties I've described this Court must order
restitution in this case to the victims of your crime?

THE DEFENDANT:  Yes, sir.

THE COURT:  Ms. Benett, do you know of any valid
defense that would prevail at trial, or do you know of any
reason why your client should not be permitted to plead guilty?

MS. BENETT:  No, your Honor.

THE COURT:  Is there an adequate factual basis to
support this plea of guilty, Ms. Benett?

MS. BENETT:  There is, your Honor.

THE COURT:  Mr. Scotten, is there an adequate factual
basis to support this plea of guilty?

MR. SCOTTEN:  Yes, your Honor.

G9mWvalP

1              THE COURT:  Mr. Vallejo, please tell me what you did

2      in connection with the Hobbs Act robbery conspiracy and the

3      substantive firearms charges in Counts One and Three.

4              THE DEFENDANT:  On February 21, 2011, I agreed with

5      other people to commit a robbery near West 173rd Street in

6      Manhattan.

7              (Counsel conferred with defendant)

8              THE DEFENDANT:  And we were going to steal money.  And

9      at the time that we made the agreement, I knew a gun would be

10     used, carried when committing that robbery.

11             THE COURT:  And where were you when you made this

12     agreement with other people to rob a home on 173rd Street?

13             THE DEFENDANT:  In Manhattan.

14             THE COURT:  And did you understand, sir, that this was

15     going to be a home invasion robbery?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  And was it your intent to find money

18     there?

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  And why did you think there would be money

21     there?

22             THE DEFENDANT:  Because --could I talk to my attorney

23     first?

24             THE COURT:  Yes.

25             (Counsel conferred with defendant)

G9mWvalP

1          THE DEFENDANT:  Because I knew there was a gambling

2    operation inside.

3          THE COURT:  And did you understand that what you were

4    doing was wrong and illegal?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  And you knew before you went there that

7    someone was going to be carrying a firearm?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  And did you see a firearm displayed?

10         THE DEFENDANT:  Yes, sir.

11         THE COURT:  All right.  Mr. Scotten, would the

12   government please summarize its evidence against the defendant.

13         MR. SCOTTEN:  Yes, your Honor.  The evidence against

14   the defendant would include witness testimony identifying the

15   defendant and his coconspirators during the robbery, also

16   identifying the object of the robbery, the proceeds of the

17   gambling business, and describing the brandishing of the

18   firearm during the robbery; video depicting the defendant and

19   his coconspirators committing the robbery and showing the

20   firearm briefly during that video; and cell phone records

21   showing that defendant's cell phone was in the location both of

22   the robbery and of the car jacking that preceded it and was in

23   communication with some of his coconspirators.

24         THE COURT:  Thank you, Mr. Scotten.

25         Mr. Vallejo, would you stand now, sir.  Mr. Carlos

G9mWvalP

Vallejo, how do you now plead to the charge in Count One of

conspiring to commit Hobbs Act robbery, in violation of Title

18 of the United States Code, Section 1951; guilty or not

guilty?

THE DEFENDANT:  I plead guilty.

THE COURT:  And how do you plead to the charge in

Count Three, the firearms charge, namely, that you were

involved with using, possessing, and carrying a firearm during

and in relation to the robbery conspiracy under Section

924(c)(1)(A)(i); guilty or not guilty?

THE DEFENDANT:  Guilty.

THE COURT:  And are you pleading guilty to these two

charges because you are guilty?

THE DEFENDANT:  Yes, sir.

THE COURT:  Are you pleading guilty voluntarily and of

your own free will?

THE DEFENDANT:  Yes, sir.

THE COURT:  Ms. Benett, do you wish me to make any

further inquiries of your client?

MS. BENETT:  No, your Honor.

THE COURT:  Mr. Scotten, does the government wish me

to make any further inquiries of the defendant?

MR. SCOTTEN:  No, your Honor.  Thank you.

THE COURT:  Mr. Vallejo, because you acknowledge that

you're guilty as charged in Counts One and Three of the

G9mWvalP

1     indictment and because I find you know your rights and are

2     waiving them knowingly and voluntarily and because I find your

3     plea is entered knowingly and voluntarily and is supported by

4     an independent basis in fact containing each of the essential

5     elements of the offenses, I accept your guilty plea and adjudge

6     you guilty of Hobbs Act robbery conspiracy as charged in Count

7     One and the firearms charge as set forth in Count Three.

8              You may be seated.

9              Now, the U.S. Probation Office will next prepare a

10    presentence report to assist me in sentencing you.  You will be

11    interviewed by the probation office.  It's important that the

12    information you give the probation officer be truthful and

13    accurate.  The report is important in my decision as to what

14    your sentence will be.  You and your attorney have a right and

15    will have an opportunity to examine the report, challenge or

16    comment upon it, and to speak on your behalf before sentencing.

17             I'm going to set this matter down for sentencing on

18    January 27 at 3 p.m.  I'll note for counsel that Mr. Maccow is

19    also scheduled to be sentenced on that day and time.  I'm going

20    to direct the government to provide its prosecution case

21    summary to probation forthwith.  And Ms. Benett, you should

22    promptly arrange for an interview with the probation

23    department.

24             MS. BENETT:  Your Honor, I know some judges direct on

25    the record that the probation officer not conduct the interview

G9mWvalP

1     in the absence of counsel.

2               THE COURT:  I can't hear you.

3               MS. BENETT:  Some judges in this courthouse direct on

4     the record that probation not conduct an interview without

5     counsel present.  I don't know if this Court is inclined to do

6     so.

7               THE COURT:  I'm not going to direct it, but you will

8     arrange for the interview, and if there's any problem, you'll

9     let me know.  Certainly your client has the right to have his

10    counsel present during such an interview, and I would never

11    interfere with that.

12              MS. BENETT:  There's just been a couple of instances

13    of miscommunication with probation, so I just wanted to be

14    clear on the record that I wanted to be present with

15    Mr. Vallejo.  And I just wanted to make sure I understood

16    correctly that on the 27th of January you will be sentencing

17    Mr. Vallejo and Mr. Maccow at the same time or back to back?

18              THE COURT:  I think I'll likely sentence them at the

19    same time.

20              MS. BENETT:  OK.

21              THE COURT:  All right?

22              Mr. Vallejo, probation's going to prepare now a

23    presentence report.  You're going to be interviewed by the

24    probation office.  It's important that the information you give

25    the probation officer be truthful and accurate because it's

G9mWvalP

1    important in my decision as to what your sentence will be.  And

2    I remind you once again that you and your attorney will have an

3    opportunity to examine the report, challenge or comment upon

4    it, and to speak on your behalf before sentencing.

5              Anything further?

6              MR. SCOTTEN:  Nothing from the government.  Thank you,

7    your Honor.

8              THE COURT:  Anything further?

9              MS. BENETT:  Nothing from the defense, your Honor.

10             THE COURT:  Very well.  This matter is concluded.

11   Have a good afternoon.

12             (Adjourned)

13

14

15

16

17

18

19

20

21

22

23

24

25