UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA,

                                  16-CR-108 (ALC)

                - against -

                                    ORDER DENYING
                                    COMPASSIONATE RELEASE

CARLOS VALLEJO,

                    Defendant.

-------------------------------------------------------------X

**ANDREW L. CARTER, JR., United States District Judge:**

BACKGROUND

On March 30, 2015, I sentenced Vallejo to 70 months for his role in a conspiracy to burglarize prescription opioids from pharmacies in 13-CR-811. While serving that sentence, Vallejo was indicted in a four-count indictment for conspiring and attempting to commit Hobbs Act robbery and brandishing a firearm in furtherance of that robbery under this indictment, 16-CR-108. On September 22, 2016, Vallejo pleaded guilty to conspiring to commit Hobbs Act robbery and possessing a firearm during a crime of violence, pursuant to an agreement with the government.[1]

---

[1] On September 22, 2016, Vallejo pleaded guilty to conspiring to commit Hobbs Act robbery and possessing a firearm during a crime of violence. Conspiracy to commit Hobbs Act robbery was designated as the crime of violence, serving as the predicate for the firearm count under 18 U.S.C. 924(c). In 2019, the Second Circuit in *Barrett* held that conspiracy to commit Hobbs Act Robbery cannot serve as a predicate offense under 924(c). *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019). On January 19, 2022, I ordered the parties to address how *Barrett* might affect this case, including the compassionate release motion. Both parties complied.

Although the defense claims that Vallejo has filed a Section 2255 motion on September 5, 2019 and that I should grant it and resentence Vallejo, the government opposes treating Vallejo's Sept. 5, 2019 filing as a Section 2255 motion. The government is correct. The motion is not a Section 2255 motion, but only a motion to appoint CJA counsel to help the defendant bring 2255 challenges in light of *Davis* and several other Supreme Court decisions issued around that time. *See* ECF No. 177. There is no Section 2255 motion, citing *Davis*, *Barrett*, or otherwise, on the docket. The government has also correctly stated that there is no controlling authority from the Second Circuit or the Supreme Court on retroactive application of the *Davis* rule for purposes of review under Section 2255.

On December 6, 2020, Vallejo sought compassionate release and a sentence reduction from the Bureau of Prisons.  He filed a motion with the Court seeking compassionate release and a sentence reduction on August 16, 2021.   The government opposed it on January 7, 2022.  The defendant replied on January 10.

Vallejo seeks compassionate release and a sentence reduction based on his rehabilitative efforts in prison as well as his medical conditions, especially in light of the COVID-19 pandemic.

The government opposes Vallejo's motion, claiming that he hasn't demonstrated extraordinary and compelling reasons and that the factors listed in 18 U.S.C. § 3553(a) counsel against release.

DISCUSSION

A)      LEGAL STANDARDS

A defendant may make a motion for compassionate release to a district court only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of

such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582.(c)(1)(A)(i).

If the defendant has exhausted all administrative rights, "A court may reduce the term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553 (a) to the extent they are applicable, if it finds that extraordinary and compelling circumstances warrant such a reduction... " 18 U.S.C. § 3582.(c)(1)(A).  Although section 3582 also requires that any sentence reduction be consistent with applicable policy statements issued by the Sentencing Commision, the Second Circuit has held that "district courts have discretion to consider the full slate of extraordinary and compelling reasons that an imprisoned person may bring before [the court] in motions for compassionate release" and that "neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1,13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020).

B)      ANALYSIS

Since there is no dispute that Vallejo exhausted administrative remedies with the BOP, I will turn to the merits of Vallejo's motion.

His medical conditions do not constitute extraordinary and compelling reasons to reduce his sentence or release him.  While his medical conditions are not to be minimized, there have been advances in the treatment of COVID-19, including three different vaccines. Vallejo

received both doses of the Moderna vaccine in February and March 2021.  He received the Moderna booster in October 2021.

Even if his rehabilitative efforts and medical condition coupled with the COVID 19 pandemic did establish extraordinary and compelling reasons, the factors set out in 18 U.S.C. § 3553 (a) counsel against release.  And although I can consider the fact that Vallejo's 924(c) conviction *might* be invalid as an extraordinary and compelling reason for compassionate release, the 18 U.S.C. 3553(a) factors counsel against release.

Vallejo pleaded guilty to two robberies, involving a carjacking and a home invasion. During the home invasion, Vallejo wielded a gun, beat an innocent victim and threatened to kill him.  The need to deter criminal conduct and protect the community from further crimes of the defendant still exists.

The motion is denied.

**SO ORDERED.**

**Dated: February 2, 2022**
**        New York, New York**

**  /s/ Andrew L. Carter, Jr.**
**ANDREW L. CARTER, JR.**
**United States District Judge**